# J. D. Christ, Plff. in Err., *v.* M. C. Firestone, to use of A. O. Mays.

A patent right owned by a firm, engaged in dealing in patent rights, will pass to a purchaser for value by an assignment executed by a single partner in the name of the firm.

Section 4898 of the Revised Statutes of the United States, declaring patents assignable by instruments in writing, invalidates unrecorded assignments only as to subsequent purchasers and mortgagees for valuable consideration without notice. It does not, as between the parties, require that assignments shall be evidenced by a writing.

Since a patent may be assigned by parol the authority of a partner to assign it need not be in writing.

(Argued May 27, 1887.  Decided October 3, 1887.)

January Term, 1887, No. 359, E. D., before GORDON, TRUNKEY, STERRETT, GREEN, and CLARK, JJ.  Error to the Common Pleas of Warren County to review a judgment in a verdict for the plaintiff in an issue awarded upon opening a confessed judgment.  Affirmed.

This was a judgment for $551.25, confessed on a note under seal with warrant of attorney by J. D. Christ to M. C. Firestone, and marked to the use of A. O. Mays.

A rule to open the judgment and let the defendant into a defense was made absolute on terms that the judgment note should stand as a *narr.* and as evidence of the plaintiff's claim.

At the trial of the issue awarded on the plea of payment, before BROWN, P. J., the following facts appeared:

On May 12, 1884, the defendant, Christ, bought from M. C. Firestone and A. Hewitt, residents of the state of Ohio, the patent right in a patent washing machine in the state of Virginia, and in the county of Armstrong, state of Pennsylvania, which Firestone and Hewitt owned as partners, and received

---

NOTE.—Under § 4898 of the Revised Statutes of the United States the assignment of a patent must be in writing and be recorded in the patent office within three months, to be valid against a subsequent purchaser or mortgagee for a valuable consideration without notice.  See Wolf v. Bonta. Plate Glass Co. 6 Northampton Co. Rep. 397, 5 Lack. Legal News, 51.

two deeds for the exclusive right thereto, the one for the state of Virginia signed M. C. Firestone and A. Hewitt. Firestone and Hewitt were the assignees of the patentees of the patent. The sale to Christ, of the patent right in the territory mentioned, was made by Firestone; the deeds therefor were drawn by him and he signed his name and the name of Hewitt to the deed in the absence of the latter, who at the time of the transaction was in the state of Ohio, while this transaction took place at Geneva, Crawford county, Pa.

The consideration for these deeds was notes aggregating $1,300. One note, the one in controversy, for $525, was made payable to Firestone. Another note for the same amount was payable to Hewitt. Two other notes, one for $150 and one for $100, were given; but it did not appear to whom they were payable.

The defendant offered to prove that on the 7th, 21st, and 23d of June and 8th of July, 1884, Hewitt wrote to him letters notifying him that Firestone had no authority to sell his, Hewitt's, one half, and that the deed did not convey his interest in the patent right in the state of Virginia. Objection sustained. Exception. Fourth and fifth assignments of error.

Firestone had no written authority from Mr. Hewitt to sell the latter's interest in the patent right and sign a deed therefor; and the only authority claimed by him was the partnership relation existing between him and Hewitt. This partnership relation was not evidenced by any writing.

The defendant also offered to prove in connection with the offer already mentioned that he made repeated efforts with Hewitt by letter to procure from him the ratification of the deed. Mr. Christ wanted the entire interest in the state of Virginia. His plans were interfered with by the failure to convey Hewitt's title and so disarranged as to make the patent right of much less value or worthless to him; and on the 15th of July, 1884, he rescinded the transaction, sent the deeds by registered letter to M. C. Firestone and demanded back his notes. Objection sustained. Exception. Fourth assignment of error.

On March 6, 1886, judgment was entered upon this note for the face thereof with 5 per cent commission.

The plaintiff gave no evidence.

The defendant submitted the following points:

1. The signatures to the deed, from M. C. Firestone and A.

Hewitt, for the patent right in controversy, having been signed by M. C. Firestone, and it appearing from the uncontradicted evidence that Firestone had no written authority to make the sale of A. Hewitt's interest, or make a deed for his interest, the deed was incompetent to convey said Hewitt's interest in said patent right for want of authority; and the defendant, upon discovering the fact, had a right to rescind the transaction; and if the jury believe, from the evidence, that the defendant did rescind the contract of sale, and tender back the deed, the plaintiff cannot recover in this case.

*Ans.* This point is answered in the negative. (First assignment of error.)

2. Under all the evidence in this case the verdict should be for the defendant.

*Ans.* This point is answered in the negative. (Second assignment of error.)

The court directed a verdict for the plaintiff, and this was the subject of the third assignment of error.

*D. I. Ball* and *C. C. Thompson,* for plaintiff in error.—If through the fault or inability of the vendor the purchaser acquires a valid title to only an undivided one half of what he purchased, he is not obliged to accept the half but may rescind the entire contract. Moore v. Shelby, 2 Watts, 256; Ley v. Huber, 3 Watts, 367.

Every patent is "a grant to the patentee, his heirs or assigns." U. S. Rev. Stat. § 4884, U. S. Comp. Stat. 1901, p. 3381.

Section 4898 requires a transfer of an interest in a patent right to be in writing as follows: "Every patent or any interest therein shall be assignable in law by an instrument in writing; and the patentee or his assigns or legal representatives may, in like manner, grant and convey an exclusive right under his patent to the whole or any specified part of the United States. An assignment, grant, or conveyance shall be void as against any subsequent purchaser or mortgagee for a valuable consideration, without notice, unless it is recorded in the patent office within three months from the date thereof."

Under these laws the interest of the patentees or assignees of the patentee is that of joint tenants, and one joint owner cannot convey the interest of his co-owner.

When there has been an assignment of an undivided part of the whole original patent, the assignee of such patent and the patentee become joint owners of the patent and should join in the surrender; if they do not it will be invalid, unless the part owner not joining shall ratify it.   3 Abbott's Nat. Digest, § 96, p. 458.

Joint owners of a patent right, in the absence of express covenant, have interests which are distinct and separate in their nature.   Each party is at liberty to use his moiety as he may think fit, and will not incur any obligation to the other for profits or losses.   Vose v. Singer, 4 Allen, 226, 81 Am. Dec. 696; DeWitt v. Elmira Nobles Mfg. Co. 5 Hun, 301; Parkhurst v. Kinsman, 6 N. J. Eq. 600.

Where there are several patentees they are tenants in common.   One of them can manufacture and use the article patented without the consent of the others.   Dunham v. Indiana & St. L. R. Co. 7 Biss. 223, Fed. Cas. No. 4,151.

One of the two joint owners can legally grant, assign, license, or sell only in respect to his own share or right.   He cannot sell or give a good title to his co-owner's right, for the reason that one joint owner of a chattel cannot transfer the share of his coproprietor.   Pitts v. Hall, 3 Blatchf. 201, Fed. Cas. No. 11,193.

The above authorities show clearly the nature of the respective interests of Firestone and Hewitt, as assignees of the patent right.

Under the patent laws of the United States an interest of this patent right can only be transferred by writing.   Davy v. Morgan, 56 Barb. 218.

A conveyance of a right under a patent of a character to create an interest in the patent itself must be in writing; although a license to make and use a machine need not be in writing, as it need not be recorded, and conveys neither an interest in the patent itself nor a power authorizing a third person to construct the patented articles.   Baldwin v. Sibley, 1 Cliff. 150, Fed. Cas. No. 805.

A conveyance of all a person's property, except such as is exempt by law from levy and sale under execution, will not pass the title to a patent, although it may operate upon a chose in action for past infringement.   Campbell v. James, 18 Blatchf. 96, 2 Fed. 338.

Since a valid assignment of an interest in a patent right can

only be made by writing, it follows that the power to convey, which must be of as high a character as the instrument to be executed, must also be in writing.

*W. D. Hinckley* and *C. H. Noyes,* for defendant in error.— Under § 4884 of the Revised Statutes of the United States, every patent is "a grant to the patentee, his heirs, and assigns;" but this language of the statute as to the wording of patent grants, which are but contracts between the government and inventors, does not change the nature of the property in a patent right. Shaw Relief Valve Co. v. New Bedford, 19 Fed. 753; Bradley v. Dull, 19 Fed. 913; Donoughe v. Hubbard, 27 Fed. 742.

Every partner, so far at least as the personal property of a firm is concerned, has the right to sell, assign, or to transfer any part or the whole of the partnership property, in the way of the regular business of the partnership. Each partner possesses an equal and general power and authority in behalf of the firm to transfer, pledge, or otherwise dispose of the partnership property and effects for any and all purposes within the scope and objects of the partnership, and in the course of its trade and business. Parsons, Partn. chap. 7, § 2; Story, Partn. chap. 7.

The evidence in this case is to the effect that A. Hewitt and M. C. Firestone were partners, in the usual relation of equal partners, engaged in the special business of dealing in territorial rights for the patent in question; and had arranged to dispose of their interests and divide the net proceeds.

The evidence offered does not disclose what rights purported to be conveyed to Christ. The written assignment, made at the time, was not offered, and the contents were not given, and it is only by presumption that we can ascertain whether Christ was an assignee, a grantee or a licensee.

If he was the latter, no writing even was necessary. Baldwin v. Sibley, 1 Cliff. 150, Fed. Cas. No. 805.

All that the act of Congress requires is that the assignment shall be in writing so as to be recorded. Fetter v. Newhall, 21 Blatchf. 445, 17 Fed. 841.

Pitts v. Hall, 3 Blatchf. 201, Fed. Cas. No. 11,193, decides that in the case of joint patentees where no agreement of copartnership exists, the relation of co-partners does not result from their connection as joint patentees. Here, the agreement did exist.

PER CURIAM:

The testimony produced in the court below establishes the fact that, as to the patent right in controversy, Firestone and Hewitt were partners; hence, the assignment of Firestone to the defendant passed to him the title of both. The act of Congress invalidates unrecorded assignments only as to subsequent purchasers and mortgagees for valuable consideration without notice. Neither Hewitt's notice nor his letter disclaiming Firestone's authority to dispose of the patent right was of importance in the trial of this case. They being partners, the one could not, in this summary manner, abrogate the power of the other; therefore, the offers of evidence covered by the fourth and fifth assignments of error, were properly refused.

Judgment affirmed.